[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15712
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2009
THOMAS K. KAHN
CLERK

Agency No. A098-869-567

CESAR DAVID NANEZ-DOMINGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 29, 2009)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Cesar David Nanez-Dominguez ("Nanez"), a native and citizen of Venezuela, seeks review of the Board of Immigration Appeals' ("BIA's") decision to dismiss his appeal from the Immigration Judge's ("IJ's") order denying his application for asylum under the Immigration and Nationality Act ("INA"). Nanez argues that the district court erred in finding that he was not credible because his testimony was both internally consistent and consistent with his asylum application.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own opinion, affirming the IJ's decision but not expressly adopting it. Therefore, we will review only the BIA's decision.

The BIA's factual findings are reviewed under the substantial evidence test. *Najjar*, 257 F.3d at 1283-84 (internal quotation marks and citation omitted). We also review credibility determinations under the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation marks and citation omitted). Under the substantial evidence test, we must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation and internal quotation marks omitted). We will not reverse a finding of fact by the BIA unless the record

2

compels it, and the fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc).

An alien may qualify for asylum by presenting credible evidence showing "(1) past persecution on account of her political opinion or any other protected ground, or (2) a 'well-founded fear' that her political opinion or any other protected ground will cause future persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005) (per curiam) (citation omitted). In addition, an alien can satisfy his burden of proof by showing past persecution, which gives rise to a rebuttable presumption of future persecution. *Id*. at 1231. Failure to establish a claim of asylum necessarily causes a claim for withholding of removal to fail. *Forgue*, 401 F.3d at 1288 n.4.

An applicant's testimony, if credible, may carry the burden of proof for asylum without corroboration. 8 C.F.R. § 208.13(a). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Forgue*, 401 F.3d at 1287 (citation omitted). "[A]n adverse credibility determination does not alleviate the [BIA]'s duty to consider other evidence produced by an asylum applicant." *Id.* However, the BIA may reject such evidence if it is unreliable. *See Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1346 (11th Cir. 2008). "Further, the [BIA] must offer specific, cogent reasons for

3

an adverse credibility finding." *Forgue*, 401 F.3d at 1287. "Once an adverse

credibility finding is made, the burden is on the applicant alien to show that the

[BIA]'s credibility decision was not supported by 'specific, cogent reasons' or was

not based on substantial evidence." *Id.* "Indications of reliable testimony include

consistency on direct examination, consistency with the written application, and

the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255

(11th Cir. 2006) (per curiam). "[T]his court may not substitute its judgment for

that of the [BIA] with respect to credibility findings." *Forgue*, 401 F.3d at 1286

(internal quotation marks and citation omitted).

For asylum applications filed after May 11, 2005, a more detailed totality-of-

the-circumstances test, as provided in 8 U.S.C. § 1158(b)(1)(B)(iii), applies.

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.

8 U.S.C. § 1158(b)(1)(B)(iii).

Here, the BIA stated specific and cogent reasons for its adverse credibility determination by noting the inconsistencies in Nanez's testimony on direct and cross-examination, as well as in his asylum interview, and the evidence does not compel a contrary conclusion. *See Forgue*, 401 F.3d at 1287. Even setting aside discrepancies in dates and chronologies within Nanez's testimony, his testimony was internally inconsistent. During direct examination, Nanez testified that members of the Bolivarian Circles intercepted and circled his car with their vehicles, but on cross-examination he stated that they just got in front of his car with their vehicles and stopped. On direct examination, Nanez stated that three individuals threatened him and then grabbed him, threw him out of the car, and beat him. However, on cross-examination, Nanez testified that the three individuals put him into the backseat, drove about a block, stopped the car and beat him, drove a little further, and then threw him out of the car. Additionally, on direct examination, Nanez stated that he received stitches in both his knee and his arm. Yet, on cross-examination, he stated that he only received stitches in his knee. Given that Nanez's testimony as to his past persecution centers on his account of this particular vehicular incident, Nanez has failed to meet his burden to show that the BIA's credibility decision was not supported by specific, cogent

5

reasons or was not based on substantial evidence, since his testimony as to the details of this alleged assault were inconsistent. *See Forgue*, 401 F.3d at 1287.

Furthermore, because Nanez was found to be not credible, the BIA was entitled to reject the letters and the medical report as unreliable or irrelevant, and the Country Report does not compel the conclusion that Nanez was personally persecuted or has a well-founded fear that he will be persecuted. *See Mohammed*, 547 F.3d at 1346. Therefore, the BIA did not err in denying Nanez's application for asylum. Because Nanez failed to meet his burden of proof for asylum, he was also not entitled to withholding of removal.[1]

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we must deny the petition.

**PETITION DENIED.**

---

[1]Nanez also argues that the IJ clearly erred in finding that, even if he was deemed credible, he no longer had a well-founded fear of persecution because of changed political conditions in Venezuela. However, the BIA did not specifically affirm this finding or state what its decision would be if it were to assume that Nanez was credible. As such, this issue is not before our Court for review. *See Najjar*, 257 F.3d at 1284 ("We review only the [BIA's] decision, except to the extent it expressly adopts the IJ's opinion.").